# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

AMY GREENE,

    Plaintiff,

v.   Case No. 8:17-cv-878-T-AAS

NANCY A. BERRYHILL, Deputy
Commissioner of Operations,
Social Security Administration,

    Defendant.
_____/

## ORDER

Amy Greene moves for an award of $4,080.93 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. Section 2412. (Doc. 23). The EAJA allows courts to award reasonable attorney's fees to a prevailing party against the United States. 28 U.S.C. § 2412. Ms. Greene's $4,080.93 in attorney's fees is the result of 20.9 work hours her attorneys, Michael A. Steinberg & Associates, completed at a $195.26 hourly rate. (Doc. 26, p. 3).

The September 10th order reversed and remanded the Commissioner's final decision under sentence four of 42 U.S.C. Section 405(g) for further administrative proceedings. (Doc. 24). The Clerk entered judgment in Mr. Peck's favor shortly after. (Doc. 25). Ms. Greene now requests an award of attorney's fees under the EAJA because she was the prevailing party. (Doc. 26).[1]

---

[1] The United States and its agencies and employees have sixty days to appeal a judgment. Fed. R. App. P. 4(a)(1)(b); 26(a)(1). The sixty-day appeal period for Ms.

In her motion for attorney's fees, Ms. Greene stated the Commissioner opposed her motion. (Doc. 26, p. 2). More than fourteen days passed since Ms. Greene submitted her motion. (*Id.*). Under Local Rule 3.01(b), a party who opposes a motion has fourteen days to respond. The Commissioner submitted no response in opposition. A party's failure to respond to a motion indicates the motion is unopposed. *Legends Collision Ctr., LLC v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-CV-6006-ORL-31TBS. 2016 WL 3406409, at *1 (M.D. Fla. June 21, 2016) (citations omitted). Therefore, the court treats Ms. Greene's motion for attorney's fees as unopposed because of the Commissioner's failure to respond.

The Commissioner does not contest the following: Ms. Greene is the prevailing party; Ms. Greene's net worth was less than $2 million when she filed her complaint; the Commissioner's position was not substantially justified; no special circumstances make an attorney's fees award unjust; and Ms. Greene's attorney's fees request is reasonable. A court should grant a Social Security claimant's request for attorney's fees when it is unopposed. *See Jones v. Colvin*, No. 8:13-CV-2900-T-33AEP, 2015 WL 7721334 (M.D. Fla. Nov. 30, 2015) (awarding unopposed attorney's fees request). Therefore, Ms. Greene is entitled to $4,080.93.13 in attorney's fees.

---

Greene's judgment expired November 12, 2018, at which point judgment became final. A party moving for attorney's fees under the EAJA must do so within thirty days of final judgment. 28 U.S.C. § 2412(d)(1)(B); Fed. R. Civ. P. 6(a)(1). Ms. Greene's deadline for moving for attorney's fees under the EAJA fees was December 13, 2018. Ms. Greene submitted her motion on December 7, 2018. Therefore, the court has jurisdiction to award Ms. Greene's requested fees.

Attorney's fees awarded to a claimant under the EAJA can be offset to satisfy the claimant's pre-existing debt to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). Following this order, the United States Department of the Treasury will determine whether Ms. Greene owes a debt to the United States. Ms. Greene also assigned her rights to EAJA fees to her attorneys. (Doc. 26-2). So, if Ms. Greene has no federal debt, the United States will accept Ms. Greene's assignment of EAJA fees and pay the fees directly to her counsel.

The following is therefore **ORDERED:**

1. Ms. Greene's motion for attorney's fees under the EAJA, (Doc. 26) is **GRANTED.**

2. Ms. Peck is awarded **$4,080.93** in attorney's fees under the EAJA.

**ENTERED** in Tampa, Florida, on January 7, 2019.

AMANDA ARNOLD SANSONE
United States Magistrate Judge